UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANA BATTAGLIA,

                     Plaintiff,            **MEMORANDUM and ORDER**

   – against –                                     08-CV-2623 (SLT)(SMG)

PENSKE TRUCK LEASING CO., L.P.,
and TODD W. CLIFFORD,

                     Defendants.
--------------------------------------------------------X
**TOWNES, United States District Judge:**

      On July 18, 2008, defendants filed an amended notice of removal in accordance with this Court's Order to Show Cause dated July 7, 2008. Although defendants' submission provides additional information regarding the amount in controversy, neither the complaint nor defendants' amended notice of removal sufficiently demonstrate that the amount in controversy exceeds $75,000. As a result, defendants have not satisfied their burden of establishing that this Court has subject-matter jurisdiction. Accordingly, for the reasons set forth below, this action is hereby remanded to the state court.

### *DISCUSSION*

      A defendant may remove a state court action to federal court if the action could have originally been filed in federal court. *Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254, 255-56 (E.D.N.Y. 2007) (citing 28 U.S.C. § 1441(a)). As the party asserting that the court has original jurisdiction, the removing party bears the burden of demonstrating the existence of subject-matter jurisdiction. *St. Vincent's Hosp. v. Taylor*, No. CV 07-967, 2007 WL 2325073, at *2 (E.D.N.Y. 2007) (citing *United Food Workers & Commercial Union v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). "If it clearly appears on the face of the

notice [of removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Bellocchio*, 499 F. Supp. 2d at 255 (quoting 28 U.S.C. § 1446(c)(4)). Moreover, "[r]emoval jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 324 (S.D.N.Y. 2005).

Because defendants contend that this Court's jurisdiction is founded upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, they "must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000." *Bellocchio*, 499 F. Supp. 2d at 255; *see also Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."). To satisfy the amount-in-controversy element, defendants must demonstrate that "it appears to a 'reasonable probability' that the claim is in excess of [$75,000]." *Bellocchio*, 499 F. Supp. 2d at 255 (quoting *United Food Workers*, 30 F.3d at 303-04) (alteration in original). Moreover, "some indication that the amount-in-controversy requirement has been satisfied must appear on the face of the pleadings [or the notice of removal and any exhibits attached thereto]. *Woodley v. Massachusetts Mutual*, No. 08 Civ. 949, 2008 WL 2191767, at *1 (S.D.N.Y. May 23, 2008); *see also Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 273-74 (2d Cir. 1994) ("[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court.").

Here, defendants' amended notice of removal sufficiently demonstrates that diversity of citizenship exists. *See* Amended Notice of Removal dated July 14, 2008 ("Am. Notice") ¶¶ 1-3, 9. However, defendants have not sufficiently demonstrated that the amount in controversy exceeds $75,000. The complaint does not contain an *ad damnum* clause and lacks any information to indicate whether the amount in controversy exceeds this Court's jurisdictional threshold.[1] In the absence of such information, defendants attempt to satisfy their burden by relying upon plaintiff's medical records, which are attached to the amended notice of removal. Defendants state that plaintiff suffers from "a cervical bulge at C6-C7 with resulting limited range of motion and injury to her right shoulder which causes pain and numbness to radiate to her arm and fingers with resulting limited range of motion . . . [and that she complains] of 'unbearable' pain in her neck, upper and lower back which affects her sleeping habits and quality of life." Am. Notice ¶ 6, Exh. B.

Although this Court may consider the medical records attached to the amended notice of remand, *see James v. Gardner*, No. 04 Civ 1380, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004), and infer that plaintiff may seek a substantial recovery, this information is insufficient to demonstrate that the amount in controversy exceeds $75,000. Even when considering plaintiff's medical records in the context of the complaint's allegations regarding plaintiff's damages, there is insufficient evidence that plaintiff may recover, or even seek, damages in excess of $75,000.

---

[1] Plaintiff's complaint lacks an *ad damnum* clause for good reason because New York law prohibits the inclusion of specific demands for an amount of damages in personal injury cases, such as this case. N.Y. C.P.L.R. § 3017(c); *see also Bellocchio*, 499 F. Supp. 2d at 255. Courts confronting complaints without *ad damnum* clauses or only perfunctory allegations regarding the plaintiff's damages have "repeatedly found [such complaints] too vague and ambiguous to enable an intelligent assessment of whether the amount-in-controversy requirement of diversity jurisdiction has been satisfied." *Woodley*, 2008 WL 2191767, at *2 n. 3 (collecting cases).

Accordingly, the pleadings and exhibits now before the Court fail to establish that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction, and, therefore, the action is remanded to the state court.

**CONCLUSION**

For the reasons set forth above, defendants have not established that this Court has subject-matter jurisdiction over this action. Therefore, the Clerk of Court is directed to remand this action to the Supreme Court of the State of New York, County of Queens.

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge